DEAN IANOTTI, Plaintiff-Appellant, v. CHICAGO PARK DISTRICT *et al.*, Defendants-Appellees.

First District (4th Division)  No. 1—92—1637

Opinion filed August 5, 1993.

Bledsoe & Tuohy, of Chicago, for appellant.

Donald J. Suriano, of Chicago Park District, of Chicago, for appellees.

PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

The plaintiff, Dean Ianotti, filed a notice of rejection of an arbitrator's award seven days late. The issue we address is whether a party who files a notice of rejection of an arbitrator's award one week late should be allowed under any circumstances to proceed to trial.

Ianotti brought a negligence action in the circuit court of Cook County against the defendants, the Chicago Park District and the Chicago Bears Football Club, for an injury he sustained as a spectator at a Bears football game. The case was assigned to mandatory arbitration as provided for in the Supreme Court Rules 86 through 95. (134 Ill. 2d Rules 86 through 95.) On February 3, 1992, an arbitration hearing was held and an award was entered for the defendants. Thirty-seven days later, on March 12, 1992, Ianotti filed a notice of rejection of the award in the circuit court pursuant to Supreme Court Rule 93(a) (134 Ill. 2d R. 93(a)), which reads as follows:

"Within 30 days after the filing of an award with the clerk of the court, and upon payment of the sum of $200 to the clerk of the court, any party who was present at the arbitration hearing, either in person or by counsel, may file with the clerk a written notice of rejection of the award and request to proceed to trial, together with a certificate of service of such notice on all other parties. The filing of a single rejection shall be sufficient to enable all parties to proceed to trial on all issues of the case without the necessity of each party filing a separate rejection."

Four days later, the defendants filed a motion for judgment on the arbitrator's award according to Supreme Court Rule 92(c) (134 Ill. 2d R. 92(c)), which states:

"In the event none of the parties files a notice of rejection of the award and requests to proceed to trial within the time required herein, any party thereafter may move the court to enter judgment on the award."

The defendants argued to the circuit court that Ianotti failed to file a timely notice of rejection since he filed 37 days after the arbitra-

tor's award, instead of within the 30-day time period mandated by Supreme Court Rule 93(a). In his reply to defendants' motion for judgment, Ianotti moved to voluntarily dismiss pursuant to section 2—1009(a) of the Illinois Code of Civil Procedure. Ill. Rev. Stat. 1989, ch. 110, par. 2—1009(a).

The circuit court sustained the defendants' motion for judgment on the arbitrator's award and entered judgment for the defendants. The court subsequently denied Ianotti's motion to voluntarily dismiss his claim.

On appeal, Ianotti argues that the court erred in granting the defendants' motion for judgment on the arbitrator's award and thus deprived him of a trial because the court should have applied the standards set forth in the Illinois Code of Civil Procedure for setting aside judgments, in particular section 2—1301(e). (Ill. Rev. Stat. 1989, ch. 110, par. 2—1301(e).) Ianotti claims that his failure to file his notice of rejection on time was the result of an inadvertent error. He argues that since he was diligent in every other aspect of the case, in the interest of justice, he should have been allowed to have a trial. In the alternative, Ianotti contends the court should have allowed him to voluntarily dismiss his claim without prejudice.

The defendants rely on *Yanan v. Ewing* (1990), 205 Ill. App. 3d 96, 562 N.E.2d 1243, in which the plaintiff obtained an arbitration award against the defendant. The defendant never rejected the award but requested that the trial court set off the award in the amount of the plaintiff's previous settlement with another defendant. The trial court allowed the setoff and the plaintiff appealed the decision. On appeal, the setoff was reversed. However, the court stated that the defendant's failure to file a notice of rejection of the award within the prescribed 30-day period had waived the defendant's right to proceed to trial on the plaintiff's complaint.

We believe that a distinction exists between the instant case and *Yanan v. Ewing* (1990), 205 Ill. App. 3d 96, 562 N.E.2d 1243. In *Yanan*, the defendant never rejected the arbitration award and, on appeal, raised the issue of the effect of his failure to do so only parenthetically. In the case at bar, the rejection was filed one week late. The issue of whether relief may be given when a rejection is filed one week late because of an alleged inadvertent error is clearly different from whether a party has waived his right to a trial by failing to file any rejection whatsoever.

■ We believe that it is relevant to the resolution of the issue before us that Supreme Court Rule 86(e) provides that the provi-

sions of the Code of Civil Procedure and the rules of the supreme court shall be applicable to actions placed in an arbitration track, except insofar as the mandatory arbitration rules provide otherwise. Moreover, Supreme Court Rule 183 (134 Ill. 2d R. 183) provides:

> "This court, for good cause shown on motion after notice to the opposite party, may extend the time for filing any pleading or the doing of any act which is required by the rules to be done within a limited period, either before or after the expiration of the time."

With these rules in mind, we believe that the court may extend the time for filing a notice of rejection of an arbitrator's award upon a showing of good cause. In the instant case, however, Ianotti merely claimed that his failure to file within the prescribed 30-day period was a result of inadvertent error. We do not believe that it was an abuse of discretion for the trial judge to conclude that Ianotti's assertion, without any further explanation, did not constitute good cause.

■ Ianotti also contends that the court erred by not allowing him to voluntarily dismiss his cause of action without prejudice. A plaintiff may at any time before trial begins voluntarily dismiss the action without prejudice. (Ill. Rev. Stat. 1989, ch. 110, par. 2–1009(a).) Ianotti relies on *Perez v. Leibowitz* (1991), 215 Ill. App. 3d 900, 576 N.E.2d 156, in which the court affirmed the trial court's decision to grant the plaintiff a voluntary dismissal following a mandatory arbitration. However, we believe *Perez* is distinguishable because the defendant in that case had filed a timely notice of rejection of the arbitrator's award prior to the plaintiff's motion to voluntarily dismiss. Thus, unlike the instant case, no judgment had been entered on the award and the parties were entitled to a trial pursuant to Supreme Court Rule 93(a). (134 Ill. 2d R. 93(a).) Ianotti's rejection of the award was filed one week late and, as we have already discussed, Ianotti did not show good cause for the delay and, thus, the defendants' motion for a judgment on the arbitrator's award was granted. Ianotti then moved to voluntarily dismiss the action and the court denied his motion.

Our supreme court has held that the trial court may hear and decide a motion which has been filed prior to a motion for voluntary dismissal when that motion could result in a final disposition of the case. (*Gibellina v. Handley* (1989), 127 Ill. 2d 122, 535 N.E.2d 858.) Here, the defendants filed their motion to enter judgment on the arbitrator's award prior to Ianotti's motion to dismiss. The court properly heard and granted the defendants' motion. Entering

judgment on the arbitrator's award constituted a final disposition of the case. Thus Ianotti's motion to voluntarily dismiss was properly denied.

For all of the aforementioned reasons, the judgment of the circuit court is affirmed.

Affirmed.

CAHILL and HOFFMAN, JJ., concur.