CAROL GEORGE *et al.*, Plaintiffs-Appellants, v. RONALD E. OSPALIK, Defendant-Appellee.

Third District   No. 3—97—0967

Opinion filed September 14; 1998.—Rehearing denied November 12, 1998.

Louis E. Neuendorf (argued), of Sandwich, for appellants.

James R. Fabrizio (argued), of Garrison, Fabrizio, Hanson & Kozol, Ltd., of Joliet, for appellee.

JUSTICE HOMER delivered the opinion of the court:

The appellants, plaintiffs in a personal injury and property damage action, contend that the trial court erred when it refused to grant their motion to voluntarily dismiss and when it entered judgment on an arbitration award *sua sponte* in favor of the defendant.

## FACTS

The plaintiffs, Carol and Ronald George, filed a personal injury and property damage action against the defendant, Ronald Ospalik, as the result of an automobile accident in Will County.

A mandatory arbitration hearing was held on September 11, 1997. The hearing was attended by the parties and their attorneys. The arbitrators ruled in favor of the defendant and against the plaintiffs.

On the same day, the trial judge entered an order setting the case for a status report on October 27, 1997. The court order stated: "[i]f a rejection *has not* been filed a judgment will be entered pursuant to the award of the arbitrators and neither side need appear." (Emphasis in original.) No rejection of the award was filed.

On October 27, the plaintiffs filed a motion to voluntarily dismiss the case. The trial court set the hearing date on the motion for November 6, 1997, on which date the court denied the plaintiffs' motion and entered judgment in favor of the defendant on the arbitration award. The plaintiffs appeal.

We must decide whether the plaintiffs have a right to a voluntary dismissal of their action without prejudice and whether the trial court erred in entering judgment on the arbitration award *sua sponte*.

## ANALYSIS

### Voluntary Dismissal

The plaintiffs contend that they have a right to a voluntary dismissal of the action without prejudice. They argue that the trial court erred when it denied their motion for voluntary dismissal.

Section 2—1009(a) of the Code of Civil Procedure provides that a plaintiff may move for voluntary dismissal at any time before trial or hearing begins. 735 ILCS 5/2—1009(a) (West 1996). However, the right to a voluntary dismissal under section 2—1009 is not absolute. Our supreme court has held there is no right to voluntary dismissal

under section 2—1009 when that section conflicts with supreme court rules. *Catlett v. Novak*, 116 Ill. 2d 63, 506 N.E.2d 586 (1987).

■ Supreme Court Rule 93(a) provides that within 30 days after the filing of an award with the clerk of the court and upon payment of the sum of $200 to the clerk any party present at the arbitration hearing may file a written notice of rejection of the award and proceed to trial. 166 Ill. 2d R. 93(a). The defendant contends that this rule required the plaintiffs to reject the arbitration award before they could obtain a voluntary dismissal. The defendant argues that allowing a voluntary dismissal without a rejection of the arbitration award would render the mandatory arbitration process meaningless. We agree.

Rule 93(a) acts as a bar to a voluntary dismissal when necessary to effectuate its purpose. See *Arnett v. Young*, 269 Ill. App. 3d 858, 646 N.E.2d 1265 (1995). If it did not, a plaintiff could always avoid the filing of a rejection of the award and payment of the fee as required by Rule 93(a), by simply moving for voluntary dismissal. The plaintiffs may not avoid Rule 93(a) by a voluntary dismissal.

■ The plaintiffs point out that mere participation in mandatory arbitration proceedings does not preclude a plaintiff from seeking a voluntary dismissal without prejudice. *Perez v. Leibowitz*, 215 Ill. App. 3d 900, 576 N.E.2d 156 (1991). The *Perez* court, in allowing the plaintiff's voluntary dismissal following arbitration, reasoned that arbitration is a substitute for a court proceeding and a form of settlement for litigation but not a "trial or hearing" under section 2—1009. *Perez*, 215 Ill. App. 3d at 902, 576 N.E.2d at 158. However, the defendant in that case filed a timely notice of rejection. *Perez*, 215 Ill. App. 3d at 901, 576 N.E.2d at 157. The rejection of the award by the defendant enabled the plaintiff in *Perez* to proceed to trial. See 166 Ill. 2d R. 93(a). Therefore, the trial court in that case properly entertained the plaintiff's motion for a voluntary dismissal of his lawsuit. Because the arbitration award in the instant case was not rejected, the plaintiffs did not have a right to proceed to trial. As a result, the trial court properly denied the plaintiffs' motion for a voluntary dismissal.

## Entry of Judgment on Arbitration Award

The plaintiffs also contend that the trial court erred in entering judgment on the arbitration award *sua sponte*. They argue that the trial court can only enter a judgment on an arbitration award pursuant to a motion by a party.

■ Supreme Court Rule 92(c) provides:

"In the event none of the parties files a notice of rejection of the award and requests to proceed to trial within the time required

herein, any party thereafter may move the court to enter judgment on the award." 155 Ill. 2d R. 92(c).

In *Lollis v. Chicago Transit Authority*, 238 Ill. App. 3d 583, 606 N.E.2d 479 (1992), the First District Appellate Court held that the trial court erred by entering judgment on an arbitration award *sua sponte*. The court observed that "Rule 92(c) places the obligation on the parties to bring the motion; it makes no provision for the court to enter judgment on its own motion." *Lollis*, 238 Ill. App. 3d at 585, 606 N.E.2d at 480.

■ We agree with *Lollis* that Supreme Court Rule 92(c) places the obligation on the parties to bring a motion to enter judgment on the award. Rule 92(c) has no provision that allows the trial court to enter a judgment on its own motion. In the instant case, the record reflects that the trial court indicated it would enter judgment on the award with or without the parties being present, if a rejection was not filed. We have reviewed the record and cannot find a motion made by a party to enter judgment on the arbitration award.

The defendant claims he orally made a motion for entry of judgment on the arbitration award at the November 6 hearing. A reviewing court will not consider anything that is not contained in the record (*Rosengard v. McDonald*, 205 Ill. App. 3d 208, 562 N.E.2d 583 (1990)); therefore, we must decide the case on the record before us. The record on appeal does not contain a verbatim transcript, a stipulation, or other report of proceedings supporting the defendant's contention as provided in Supreme Court Rule 323 (166 Ill. 2d R. 323). In the absence of evidence in the record that such a motion was made by a party to the arbitration, we are required to vacate the trial court's judgment entered on the award.

## CONCLUSION

For the foregoing reasons, we affirm the circuit court's denial of the plaintiffs' motion for voluntary dismissal. However, we vacate the court's entry of judgment on the arbitration award.

Affirmed in part and vacated in part.

BRESLIN and HOLDRIDGE, JJ., concur.