# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**Swain v. Bruce, 2012 IL App (1st) 110425**

---

| | |
|---|---|
| Appellate Court Caption | LINDA SWAIN, Plaintiff-Appellee, v. ANTHONY BRUCE, Defendant (Jozef Fryz, Defendant-Appellant). |
| District & No. | First District, First Division<br>Docket No. 1-11-0425 |
| Rule 23 Order filed<br>Rule 23 Order withdrawn<br>Opinion filed | November 21, 2011<br><br>January 3, 2012<br>January 9, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action arising from a collision between two automobiles where plaintiff, an injured passenger in one of the vehicles, filed a motion to voluntarily dismiss her case pursuant to section 2-1009(a) of the Code of Civil Procedure after arbitrators found in favor of defendants, the trial court erred in granting plaintiff's motion, since plaintiff did not file a rejection of the arbitrators' award, and to the extent that there is a conflict between Supreme Court Rule 92(c), which provides that when no rejection is filed, a party to the arbitration may move the trial court to enter judgment on the award, and section 2-1009(a), which allows voluntary dismissals, the rule controls; therefore, the order granting the voluntary dismissal was reversed and the cause was remanded with directions to the trial court to enter judgment on the award as requested by one defendant. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10-M1-300021; the Hon. James E. Snyder, Judge, presiding. |

| Judgment | Reversed and remanded, with directions. |
|---|---|
| Counsel on Appeal | Busse, Busse & Grassé, of Chicago (Edward K. Grassé, of counsel), for appellant. |
| | No brief filed for appellee. |
| Panel | JUSTICE KARNEZIS delivered the judgment of the court, with opinion. Presiding Justice Hoffman and Justice Hall concurred in the judgment and opinion. |

## OPINION

¶ 1      Appellant Jozef Fryz appeals from the trial court's order granting the motion of appellee Linda Swain to voluntarily dismiss her cause of action pursuant to section 2-1009(a) of the Code of Civil Procedure (Code) (735 ILCS 5/2-1009(a) (West 2010)). On appeal, Fryz contends that because Swain did not reject the arbitrators' award, she could not voluntarily dismiss her case. Although Swain has not filed a brief on appeal, we will consider the appeal pursuant to the principles set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 131-33 (1976). For the following reasons, we reverse.

¶ 2      Swain filed suit on January 6, 2010, against defendants Fryz and Anthony Bruce to recover damages for injuries she sustained when the vehicles driven by Fryz and Bruce collided. Swain was a passenger in Bruce's vehicle. The matter proceeded to arbitration, and on October 8, 2010, the arbitrators found in favor of defendants. Swain filed a motion for voluntary dismissal pursuant to section 2-1009(a) of the Code on October 28, 2010. Swain did not file a rejection of the arbitrators' award. The trial court granted Swain's motion for voluntary dismissal without prejudice on November 8, 2010. Fryz filed a motion to reconsider, in which he also requested the court to enter judgment on the arbitration award. The court denied the motion. Fryz now appeals.

¶ 3      On appeal, Fryz contends that because Swain did not reject the arbitrators' award, she could not voluntarily dismiss her case. The issue presented on appeal involves the interplay of our supreme court rules governing arbitration and the voluntary dismissal statute.

¶ 4      Illinois Supreme Court Rule 93(a) (eff. Jan. 1, 1997) provides in part:

"Within 30 days after the filing of an award with the clerk of the court *** any party who was present at the arbitration hearing *** may file with the clerk a written notice of rejection of the award and request to proceed to trial ***."

¶ 5    Illinois Supreme Court Rule 92(c) (eff. Jan. 1, 1994) provides in part:

"In the event none of the parties files a notice of rejection of the award and requests to proceed to trial within the time required herein, any party thereafter may move the court to enter judgment on the award."

¶ 6    In sum, these rules provide that a party has 30 days to reject an arbitration award and subsequently proceed to trial. If no rejection is filed, any party may move the court to enter judgment on the arbitration award.

¶ 7    The voluntary dismissal statute, section 2-1009(a) of the Code provides in part:

"The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause." 735 ILCS 5/2-1009(a) (West 2010).

¶ 8    The right to a voluntary dismissal is not absolute. *George v. Ospalik*, 299 Ill. App. 3d 888, 889 (1998). Our supreme court has held that when section 2-1009 conflicts with a supreme court rule, there is no right to a voluntary dismissal and the supreme court rule controls. *Catlett v. Novak*, 116 Ill. 2d 63, 69 (1987). Rule 93(a) can act as a bar to a voluntary dismissal when necessary to effectuate its purpose. *George*, 299 Ill. App. 3d at 890.

¶ 9    Here, after the arbitrators found in favor of defendants, Swain had 30 days to file a rejection of the award in order to proceed to trial. Swain failed to do so. Instead, Swain filed a motion to voluntarily dismiss her case. Rule 92(c) provides that when a rejection is not filed, a party may move the court to enter judgment on the award. To the extent that this rule conflicts with section 2-1009, the rule controls. Since no rejection of the award was filed, all that remained to be done in the case was for the court to enter judgment on the award. Swain did not have the right to proceed to trial and voluntarily dismiss her case because she never rejected the award.

¶ 10   This court's opinion in *George* supports our holding. In *George*, the arbitrators found in favor of the defendant and the plaintiffs did not file a rejection of the award. Instead, the plaintiffs filed a motion to voluntarily dismiss their case pursuant to section 2-1009 of the Code. This court held on appeal that the supreme court rules governing arbitration took precedence over the voluntary dismissal statute and the plaintiffs had no right to proceed to trial and voluntarily dismiss their case when they did not file a rejection of the award. *George*, 299 Ill. App. 3d at 890. Similarly here, because Swain did not file a rejection of the award, she has no right to proceed to trial and to voluntarily dismiss her case. See also *Yanan v. Ewing*, 205 Ill. App. 3d 96, 102 (1990) (by failing to file a notice of rejection of the arbitration award within the prescribed time period, there was no right to proceed to trial on the plaintiff's complaint); *Ianotti v. Chicago Park District*, 250 Ill. App. 3d 628 (1993) (when rejection of arbitration award was filed seven days late, without a showing of good cause for the delay, the trial court properly entered judgment on the arbitration award and denied the plaintiff's motion to voluntarily dismiss the case).

¶ 11   In conclusion, we reverse the trial court's order granting Swain's motion to voluntarily dismiss her case. Further, because Fryz requested the court to enter judgment on the arbitration award in his motion to reconsider, we direct the trial court to do so.

¶ 12        Accordingly, we reverse and remand with directions for the trial court to enter judgment on the arbitration award.

¶ 13        Reversed and remanded, with directions.