2021 IL App (2d) 210263-U
No. 2-21-0263
Order filed December 22, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| VIJAYKUMAR M. OZA and VEENA V. OZA, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiffs | ) ) | |
| v. | ) ) | No. 20-SC-2240 |
| DENNIS L. JOYNT and FARMERS INSURANCE COMPANY, | ) ) ) ) | |
| Defendants | ) ) | |
| (Vijaykumar M. Oza, Plaintiff-Appellant v.) Dennis L. Joynt, Defendant-Appellee). | ) ) ) | Honorable Thomas A. Else, Judge, Presiding. |

JUSTICE HUTCHINSON delivered the judgment of the court.
Justices Birkett and Brennan concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Where plaintiff failed to file his rejection of an arbitration award within 30 days of the award's filing with the circuit clerk, the trial court erred when it denied plaintiff the opportunity (1) to provide evidence that he did not receive notice of the award from the clerk or (2) assuming that he did receive notice, the opportunity to show good cause why the 30-day deadline should be relaxed in his case.

¶ 2    Plaintiff, Vijaykumar M. Oza, *pro se*, appeals from the judgment of the circuit court of

Du Page County affirming a mandatory arbitration award because plaintiffs failed to file a timely

rejection of the award. As plaintiffs were not allowed to show good cause for their late rejection, we reverse and remand.

¶ 3                                     I. BACKGROUND

¶ 4     Plaintiffs, Vijaykumar M. Oza and Veena V. Oza, filed in the circuit court of Du Page County a small claims complaint against defendants, Dennis L. Joynt and Farmers Insurance Co., seeking over $8,000 in damages arising out of a vehicular accident. On August 28, 2020, the trial court entered an order, which  dismissed Farmers Insurance Co., set the matter for a mandatory arbitration hearing on March 8, 2021, and set a postarbitration hearing for April 19, 2021.

¶ 5     On March 8, 2021, the arbitration panel issued an award in favor of plaintiffs for $3650.67 plus costs. On March 9, 2021, the award was filed with the court. Also on March 9, 2021, the circuit clerk notified "all parties of record" of the award and certified that she mailed the notices by regular mail to each party at their last known address.

¶ 6     On April 13, 2021, plaintiffs filed a notice of rejection of the award. On April 19, 2021, the trial court held a hearing. At the outset, the court was unclear as to the purpose of the hearing, but after commenting that it had misread its notes, the court stated that there was an issue as to whether plaintiffs properly rejected the award. The court advised plaintiffs that they had filed their rejection more than 30 days after entry of the award and that, because their rejection was untimely, the court would enter judgment on the award. Vijaykumar responded that "[he] never received any information about the award of the arbitration until—and [he] was not told that we have to do in 30 days." The court told Vijaykumar that the rules required that he must reject the award within 30 days. Vijaykumar responded, "But the award should have been informed to us. We never got informed." The court reiterated that the rules required a rejection within 30 days of the award. When Vijaykumar said, "But I should have been—" the court interrupted Vijaykumar. Defendant's

attorney interjected that, on April 9, 2021,[1] he sent plaintiffs a release of liability and that plaintiffs told him that they would reject the award. The court then commented that "[i]t doesn't matter. [Plaintiffs had to] reject the award within 30 days." The court thereafter entered judgment on the arbitration award, and Vijaykumar alone filed this timely appeal.

¶ 7                                    II. ANALYSIS

¶ 8      Vijaykumar contends that he failed to file the rejection within 30 days, because he never received notice of the award until defendant's attorney sent him the release on April 9, 2021. Defendant responds that (1) the record shows that, on March 9, 2021, the circuit clerk mailed plaintiffs a notice of the award and (2) even if plaintiffs were not notified by the circuit clerk, they were charged with knowing that they needed to file a notice of rejection within 30 days of the filing of the award.

¶ 9      Also, as a preliminary matter, we reject defendant's request to strike Vijaykumar's brief for nonconformity with Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020), governing the contents of appellate briefs. Compliance with the supreme court rules on appellate briefs is mandatory. *Hall v. Naper Gold Hospitality, LLC*, 2012 IL App (2d) 111151, ¶ 7. A party's failure to comply with the rules runs the risk that this court will strike the offending portions of a noncompliant brief or even dismiss the appeal. *Collier v. Avis Rent A Car System, Inc.*, 248 Ill. App. 3d 1088, 1095 (1993). Because *pro se* litigants are presumed to fully know the applicable court rules and

---

[1] Although the transcript represents that defendant's attorney said, "April 19th[, 2021]," the attorney either misspoke or was mistranscribed, as the postarbitration hearing itself took place on April 19, 2021. Further, Vijaykumar states in his appellate brief that the release was sent on April 9, 2021, and defendant does not challenge the accuracy of that date.

procedures (*Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 528 (2001)), they are not entitled to more lenient treatment than attorneys (*Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78). However, striking an appellate brief or dismissing an appeal are harsh sanctions that we will impose only when the rules' violations hinder our effective review. *Hall*, 2012 IL App (2d) 111151, ¶ 15. Although Vijaykumar did not strictly comply with Rule 341, his mistakes are not so serious as to be sanctionable. Thus, despite the deficiencies in the brief, we can understand Vijaykumar's appellate challenges, and we decline to strike the brief or dismiss the appeal

¶ 10    Moving to the merits, we note that Illinois Supreme Court Rule 93 (eff. Jan. 1, 1997) unequivocally provides that a party wanting to reject a mandatory arbitration award must, within 30 days after the filing of the award, file a written notice of rejection of the award. See also 18th Judicial Cir. Ct. R. 13.08 (Jan. 23, 1989) (rejection of arbitration award shall be in strict compliance with Rule 93).

¶ 11    However, common sense dictates that, to reject an arbitration award, a party must first know that the award has been entered. To that end, Illinois Supreme Court Rule 92 (eff. Nov 1, 1997) provides, in pertinent part, that, upon the filing of an arbitration award, the circuit clerk shall serve notice of the award upon all parties who filed an appearance. See also 18th Judicial Cir. Ct. R. 13.07 (Jan. 23, 1989) (mirroring the language of Rule 92). If such notice is provided, the receiving party thereby knows of the filing of the award and thus is required to comply with the 30 days in Rule 93 for rejecting the award. However, even if a party knows of the 30-day deadline in Rule 93, that party will not know that the 30-day period has begun to run *in his case* unless he receives adequate notice of the award. To hold a party to the 30-day window regardless of whether he has received notice of the award would give an entirely unreasonable interpretation to the rules governing mandatory arbitration. See *People v. Marker*, 233 Ill. 2d 158, 167 (2009) (when

interpreting a supreme court rule, a court presumes that the drafters did not intend an absurd, inconvenient, or unjust result).

¶ 12    Here, the issue is whether plaintiffs were notified of the award more than 30 days before they filed their rejection on April 13, 2021. Defendant asserts that plaintiffs were notified when, on March 9, 2021, the circuit clerk mailed notice to plaintiffs' address. Vijaykumar, on the other hand, contends that he received no such notice.

¶ 13    In *Ianotti v. Chicago Park District*, 250 Ill. App. 3d 628 (1993), the plaintiff filed a rejection to an arbitration award 37 days after the award had been filed. *Id.* at 629-30. The plaintiff asserted that he filed the rejection late because of an inadvertent error. *Id.* at 630. In addressing the plaintiff's argument, the appellate court noted that Illinois Supreme Court Rule 86(e) (eff. June 1, 1987) provided that the supreme court rules shall apply to arbitration cases unless the mandatory arbitration rules state otherwise. *Id.* at 630-31. Accordingly, the appellate court looked to Illinois Supreme Court Rule 183 (eff. Jan. 1, 1967), which provided that a court may, for good cause shown, extend the time for filing any pleading or the doing of any act required by the rules to be done within a limited period. *Ianotti*, 250 Ill. App. 3d at 631. Thus, the appellate court held that a circuit court may, upon the showing of good cause, extend the time for filing a rejection of an arbitration award. *Id.* at 631; see also *Gellert v. Jackson*, 373 Ill. App. 3d 149, 151 (2007) (same).

¶ 14    We disagree with defendant's contention that the issue of whether plaintiffs received notice was resolved by the circuit clerk's certification that she mailed the notice to all parties of record. Generally, it is presumed that a letter was received by the addressee, if the letter is properly stamped and properly addressed. *Thompson v. Bernardi*, 112 Ill. App. 3d 721, 723-24 (1983). However, that presumption can be rebutted if the addressee denies receipt of the letter, in which case receipt of the mailing becomes a question of fact. *Thompson*, 112 Ill. App. 3d at 724. In many

instances, a plaintiff's only means of proving that he did not receive notice is his testimony, which the fact finder may or may not believe. *Id.* at 724.

¶ 15    Here, under Illinois Supreme Court Rule 183 (eff. Feb. 16, 2011), the trial court was obliged to allow plaintiffs to rebut the presumption that they received the notice and to show good cause for the late filing. If plaintiffs proved good cause, the court had the discretion to allow the late filing.

¶ 16    However, the trial court did not allow plaintiffs to prove good cause. When plaintiffs asserted that they never received notice, the court responded that it did not matter because they were still required to file the rejection within 30 days of the filing of the award. As discussed, that was legally incorrect. More importantly, the court did not give plaintiffs the chance to testify or provide other evidence that they never received the notice. When plaintiffs attempted to explain that they did know of the award before receiving the liability release on April 9, 2021, the court cut them off and stated that it did not matter. What the court should have done was recognize that plaintiffs were claiming that they had good cause for the late filing, allowed plaintiffs the chance to prove good cause, and, if they did, to apply its discretion in determining whether to allow the late filing. Because the court failed to give plaintiffs a reasonable opportunity to show good cause for the late filing of the rejection, we reverse the judgment entered on the arbitration award and remand for further proceedings consistent with this order.

¶ 17                                III. CONCLUSION

¶ 18    For the reasons stated, we reverse the judgment of the circuit court of Du Page County and remand for further proceedings.

¶ 19    Reversed and remanded.