2025 IL App (1st) 241589-U

No. 1-24-1589

Order filed May 9, 2025

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| MILDRED SANZ, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 22 L 09603 |
| | ) | |
| WILSON RESTORATION INC., | ) | Honorable |
| | ) | Mary Colleen Roberts, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE TAILOR delivered the judgment of the court.
Justices C.A. Walker and Gamrath concurred in the judgment.

**ORDER**

¶ 1     *Held*:   We affirm the judgment of the circuit court over plaintiff's contention that it abused its discretion in denying her untimely motion for leave to reject an arbitration award.

¶ 2     Plaintiff Mildred Sanz appeals the circuit court's denial of her motion for leave to reject an arbitration award, arguing the court abused its discretion because she established good cause for an extension of time to reject the award. We affirm.

¶ 3    The record on appeal consists of the common law record and, in lieu of a report of proceedings, an agreed statement of facts. See Ill. S. Ct. R. 323(d) (eff. July 1, 2017).

¶ 4    The underlying facts of this matter are not in dispute. In May 2020, Sanz hired Wilson Restoration, Inc., to perform restoration work on her property on West Diversey Avenue in Chicago. In October 2022, Sanz filed a complaint against Wilson Restoration, Inc., and Wilson Gonzalez, its principal, alleging common law fraud and breach of contract and demanding over $170,000 in damages. In June 2023, the circuit court dismissed Sanz's fraud claim against both defendants as well as the breach of contract claim against Gonzalez. Sanz's sole surviving claim was for breach of contract against defendant Wilson Restoration, Inc. (hereafter "defendant").

¶ 5    The parties proceeded to mandatory arbitration on January 4, 2024. (At that time, the next status hearing in the circuit court was scheduled for February 26, 2024.) On January 8, 2024, the arbitrator awarded Sanz $12,500 in damages. Sanz did not reject the award within 14 days as required by the circuit court of Cook County's local rules. See Cook County Cir. Ct. R. 25.11 (Apr. 1, 2021). On February 20, 2024—43 days after the award was entered—Sanz filed a motion in the circuit court for leave to reject the award, stating her failure to timely pay the rejection fee and file notice was "due to miscommunication between counsel and plaintiff."

¶ 6    Defendant responded that the motion was untimely, arguing Sanz had not shown good cause for an extension of the 14-day rejection rule or cited legal authority in support of her request. In her reply, Sanz explained she had been "under the mistaken belief that the paperwork needed to be submitted by *** February 26, 2024," and her counsel "mistakenly took the lack of payment [of the rejection fee] by [Sanz] as an acceptance of the arbitration award."

¶ 7    After briefing and argument, the circuit court denied Sanz's motion, finding she had not shown good cause for an extension. That same day, the court entered judgment on the January 8, 2024, arbitration award of $12,500.

¶ 8    Sanz filed a motion to reconsider and attached an affidavit in which she again explained she had "mistakenly believed" that the deadline to file her rejection was the next court date of February 26, 2024. She stated, "My counsel mistakenly took the lack of payment [of the rejection fee] as an acceptance of the arbitration award, which was never my intent." She asserted that on February 20, 2024, when she learned of the earlier deadline, she promptly paid the fee and asked her attorney to reject the award.

¶ 9    After briefing and argument, the circuit court denied Sanz's motion to reconsider. In a written order, the court observed that Sanz had not alleged the existence of any new evidence, changes in the law, or errors in the court's application of the law. Rather, her arguments were "merely a rehashing of the arguments she previously made." The court explained that Sanz's bare assertion of "miscommunication" did not show good cause. In support, the court cited *Ianotti v. Chicago Park District*, 250 Ill. App. 3d 628, 631 (1993), in which this court found the circuit court did not abuse its discretion when it found no good cause for a late arbitration award rejection where the Sanz asserted only "inadvertent error" without further explanation. It explained that here, Sanz had similarly "merely asserted that she made a mistake and nothing more." The court found it had not misapplied the law when it denied her motion. It further noted Sanz's affidavit, filed for the first time with her motion to reconsider, was untimely.

¶ 10   Sanz appeals, arguing she established good cause for an extension where she asserted mistake caused her untimeliness, and thus the circuit court abused its discretion in denying her

motion for leave to reject the award and her motion to reconsider.

¶ 11    The purpose of the mandatory arbitration program is to provide a quick and economical way to resolve monetary disputes. See *Babcock v. Wallace*, 2012 IL App (1st) 111090, ¶ 17 (citing Ill. S. Ct. Rs., Mandatory Arbitration, Introductory Comments). The rules defining how and when a party may reject an award ensure the process is not unnecessarily prolonged. See *id.* The circuit court of Cook County's local rules require parties subject to mandatory arbitration to reject an award within 14 days after receiving notice of it. Cook County Cir. Ct. R. 25.11 (Apr. 1, 2021); see also *Jones v. State Farm Mutual Automobile Insurance Co.*, 2018 IL App (1st) 170710, ¶ 38 (finding the time limit provided in local rule 25.11 valid and enforceable). To reject an award, a party must file a rejection form and pay a fee. Cook County Cir. Ct. R. 25.11(a) (Apr. 1, 2021). Failure to timely reject an award waives the party's right to reject it. *Id.* § (c).

¶ 12    Illinois Supreme Court Rule 183 provides that the court may, "for good cause shown," extend the time for filing a pleading or doing a required act, either before or after the deadline.[1] Ill. S. Ct. R. 183 (eff. Feb. 16, 2011); see also *Ianotti*, 250 Ill. App. 3d at 631. The party seeking relief has the burden of establishing good cause. *Vision Point of Sale, Inc. v. Haas*, 226 Ill. 2d 334, 353 (2007). Whether a party has established good cause is a fact-dependent determination that lies within the sound discretion of the circuit court. *Id.* The circuit court may review evidence showing the party's delinquency was caused by mistake, inadvertence, or attorney neglect. *Id.* We will not disturb the court's determination absent an abuse of discretion. *Id.* at 354.

---

[1] The Illinois Supreme Court rules apply to actions subject to mandatory arbitration, except where the mandatory arbitration rules provide otherwise. Ill. S. Ct. R. 86(e) (eff. Jan. 1, 1994).

¶ 13 Here, the circuit court did not abuse its discretion when it found Sanz had not shown good cause for an extension of the 14-day deadline to reject the arbitration award. Sanz filed her motion for leave to reject the award 43 days after the award was entered, or 29 days late. The court's order denying the motion and the parties' agreed statement of facts reflect that the court received no additional evidence and made its decision based on the parties' filings and argument.

¶ 14 Sanz's initial motion stated only that there had been a "miscommunication between counsel and plaintiff." Sanz elaborated in her reply brief that two mistakes caused her delinquency: her own mistaken belief that the deadline was the next court date, and her counsel's mistaken belief that her failure to pay the required fee meant she accepted the award. She did not, however, explain how she became mistaken about the deadline—for example, whether her counsel misled her, or she merely assumed. Under these circumstances, the circuit court did not abuse its discretion in finding Sanz's mistake did not establish good cause to file her rejection nearly a month late. See *Ianotti*, 250 Ill. App. 3d at 631 (no good cause where plaintiff asserted "inadvertent error" without explanation or evidence).

¶ 15 We review the circuit court's denial of plaintiff's motion to reconsider for abuse of discretion, as well. See *Hachem v. Chicago Title Insurance Co.*, 2015 IL App (1st) 143188, ¶ 34. As the circuit court observed, Sanz did not describe any newly discovered evidence, changes in the law, or error in the court's application of the law in her motion to reconsider. See *id.* (the purpose of a motion to reconsider is to bring to the court's attention newly discovered evidence, changes in law, or misapplication of law). Rather, she "rehash[ed]" the facts and arguments raised in her motion for leave and reply brief on that motion. The circuit court did not abuse its discretion in denying the motion to reconsider where Sanz merely repeated arguments already presented and

rejected. See *id.* ¶ 35 (no abuse of discretion in denying motion to reconsider where circuit court had already considered and rejected the argument).

¶ 16    For these reasons, we affirm the judgment of the circuit court.

¶ 17    Affirmed.