CARMEN H. PEREZ, Plaintiff-Appellee, v. DAVID P. LEIBOWITZ, Defendant-Appellant.

First District (5th Division) No. 1—90—3538

Opinion filed June 14, 1991.

Donald A. Tedeschi, of James M. Hoffman & Associates, of Schaumburg, for appellant.

Fred I. Benjamin and Laurence M. Landsman, both of Benjamin & Shapiro, Ltd., of Chicago, for appellee.

JUSTICE MURRAY delivered the opinion of the court:

Defendant David P. Leibowitz (Leibowitz) appeals from an order of the circuit court, granting plaintiff Carmen H. Perez (Perez) a voluntary dismissal. The issue on appeal is one of first impression, *i.e.*, whether a voluntary dismissal may be granted, as of right, pursuant to section 2—1009(a) of the Illinois Code of Civil Procedure (Code) (Ill. Rev. Stat. 1987, ch. 110, par. 2—1009(a)), after the parties have participated in mandatory arbitration proceedings as provided for in section 2—1001A *et seq.* of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 2—1001A *et seq.*) and Supreme Court Rules 86 through 95 (134 Ill. 2d Rules 86 through 95).

A brief overview of the pertinent facts of the case follows.

Perez and Nina Petersen each filed separate complaints against Leibowitz to recover for injuries allegedly sustained in conjunction with an automobile accident that occurred on July 16, 1983. The two causes of action were then consolidated on December 12, 1985. After several years of discovery and pretrial activity, the cases were transferred to the mandatory arbitration calendar by an order dated April 24, 1990. On July 12, 1990, the consolidated matters proceeded to an award after proceedings were held before three arbitrators, as provided by the mandatory arbitration procedures adopted in Cook County. On August 10, 1990, a notice of rejection of the arbitration award was filed by defendant Petersen, and on November 19, 1990, Perez was granted a voluntary dismissal or nonsuit.

The portion of section 2—1009(a) of the Illinois Code of Civil Procedure relevant to this case provides:

> "The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause. Thereafter the plaintiff may dismiss, only on terms fixed by the court (1) upon filing a stipulation to that effect signed by the defendant, or (2) on motion specifying the ground for dismissal, which shall be supported by affidavit or other proof." Ill. Rev. Stat. 1983, ch. 110, par. 2—1009(a).

Although it is not completely clear how or why Leibowitz was injured by the dismissal granted to Perez, there is no doubt that he has the right to appeal such an order (*Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 472 N.E.2d 787) and he does so now, contending that Perez was not entitled to an unconditional, voluntary dismissal because arbitration proceedings had already taken place in conjunction with the matter. He contends that compulsory arbitration proceedings should be construed as "a trial or hearing" within the meaning of the cited statute.

The question of whether compulsory arbitration proceedings constitute "a trial or hearing" as contemplated by section 2—1009 of the Code has never been addressed by an Illinois appellate court, although "a considerable diversity of analysis exists on the question of when 'trial or hearing begins' for the purposes of this section." See Ill. Ann. Stat., ch. 110, par. 2—1009, Historical and Practice Notes, at 416-18 (Smith-Hurd 1983).

At common law and under section 70 of the Practice Act of 1907 (Ill. Rev. Stat. 1931, ch. 110, par. 70), a plaintiff had an absolute right of dismissal without prejudice (or nonsuit) any time before judgment was returned. The legislature, attempting to discourage vexatious lawsuits, enacted section 52 of the Civil Practice Act (Ill. Rev. Stat. 1935, ch. 110, par. 180), predecessor of the present section 2—1009 of the Code of Civil Procedure, limiting plaintiff's freedom by preventing automatic dismissal without prejudice once trial or hearing began. See *Kahle v. John Deere Co.*, 104 Ill. 2d at 307-08; *In re Marriage of Wright* (1980), 92 Ill. App. 3d 708, 415 N.E.2d 1196.

In *Kahle v. John Deere*, the court had an opportunity to consider the meaning of "trial or hearing" as used in section 2—1009. It cited a number of court opinions on the issue and concluded that the terms, "trial" and "hearing," referred to judicial proceedings, whether it be at law or in equity, wherein the merits of the conflict are ultimately determined. (104 Ill. 2d at 308-10.) The *Kahle* court also held that "[a]ny further limits on the plaintiff's common law rights should be enacted by the legislature, not declared by this court." 104 Ill. 2d at 308.

 ██ Arbitration is a substitute for a court proceeding and a form of settlement for litigation, but not a trial. In fact, errors of judgment in law are not even grounds for vacating an arbitrator's award. (*Board of Education v. Chicago Teachers Union, Local No. 1* (1981), 86 Ill. 2d 469, 427 N.E.2d 1199.) The purpose of arbitration is the disposition of litigation in an easier, quicker, and more economical manner than by litigation. (*Kalish v. Illinois Education Association*

(1988), 166 Ill. App. 3d 406, 519 N.E.2d 1031.) To hold that arbitration, especially the nonbinding arbitration instituted pursuant to supreme court rule, was equivalent to a "trial or hearing," would, we believe, extend the meaning of those terms beyond what was contemplated by the drafters of the statute. We also believe that it would be contrary to the purpose of arbitration. For this reason, we find that participation in mandatory arbitration proceedings does not preclude a plaintiff from seeking a voluntary dismissal without prejudice. Arbitration proceedings are not the same as a trial and, since a plaintiff is entitled to a voluntary dismissal at any time prior to the time that trial begins, trial has not "begun," for the purposes of section 2—1009 of the Code, when the parties enter into settlement negotiations in the form of mandatory arbitration pursuant to court rule.

As stated in *Kahle*, it is up to the legislature, not the courts, to further limit the plaintiff's common law right to dismissal.

Affirmed.

GORDON and McNULTY, JJ., concur.