ROCHELLE E. BALABAN, Plaintiff-Appellant, v. HARRIET GOTT-FRIED, Defendant-Appellee.

First District (1st Division)   No. 1—91—0794

Opinion filed September 30, 1991.

Goldberg, Wiesman & Cario, Ltd., of Chicago (Joseph P. Sorce, of counsel), for appellant.

Law Office of Clifford P. Mallon, of Chicago (John H. Mullen, of counsel), for appellee.

PRESIDING JUSTICE MANNING delivered the opinion of the court:

This appeal is taken from entry of an order granting defendant's motion to quash plaintiff's rejection of an arbitration award which was entered in plaintiff's absence.

Plaintiff filed a personal injury action seeking recovery for damages sustained in an automobile accident. When the case was assigned to the mandatory arbitration calendar, plaintiff's counsel, Susan Gerovasil, notified defense counsel that neither plaintiff nor any attorney from her office would be present at the hearing and that she would "accept a zero award and proceed with the matter on the Court's Jury Trial Call." An award was entered in defendant's favor at the arbitration hearing and the award acknowledged plaintiff's failure to appear. Plaintiff then filed a formal notice of rejection of award

in the trial court and defendant responded by filing a motion to quash the rejection. Defendant cited Supreme Court Rule 91, which states:

> "The failure of a party to be present, either in person or by counsel, at an arbitration hearing shall constitute a waiver of the right to reject the award and a consent to the entry by the court of a judgment on the award." 134 Ill. 2d R. 91.

Plaintiff acknowledges Rule 91 but suggests that the trial court retains discretion to allow plaintiff to reject the arbitration award. Although no court has considered this question, we believe that the trial court had no choice but to grant defendant's motion to quash plaintiff's notice to reject the award. The language of Rule 91 is mandatory and is buttressed by Committee Comments which follow the rule:

> "To permit any party or counsel to ignore the arbitration hearing or to exhibit an indifference to its conduct would permit a mockery of this deliberate effort on behalf of the public, the bar and judiciary to attempt to achieve an expeditious and less costly resolution of private controversies.
>
> A party who knowingly fails to attend a scheduled hearing, either in person or by counsel, must be deemed to have done so with full knowledge of the consequences that inhere with this rule." 134 Ill. 2d R. 91, Committee Comments.

The language of Supreme Court Rule 93 further strengthens this argument. Rule 93 allows only parties present at an arbitration hearing to reject awards. (134 Ill. 2d R. 93.) The Committee Comments following this rule limit the occasions in which a party may participate in a trial to those circumstances in which another party against whom no judgment has been entered rejects the award. This has not occurred in this case.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

BUCKLEY and O'CONNOR, JJ., concur.