ESTATE OF EVA HOARD, Plaintiff-Appellee, v. DOROTHY PATTERSON, Defendant-Appellant.

First District (3rd Division)   No. 1—92—4194

Opinion filed September 8, 1993.

Renee T. Vogt and Ronald J. Loris, both of Chicago, for appellant.

Dawn M. Maxwell, of Thomas H. Stern & Associates, P.C., of Chicago, for appellee.

JUSTICE CERDA delivered the opinion of the court:

The circuit court of Cook County entered judgment on an arbitration award for $15,000 in favor of plaintiff, estate of Eva Hoard, in a personal injury action filed against defendant Dorothy Patterson pursuant to the arbitration provisions of Supreme Court Rule 91 (134 Ill. 2d R. 91). The circuit court refused to enter an order for setoff against the award in the amount of plaintiff's prior $14,000 settlement with Melvin Webb, a party who was dismissed from the action as the result of the settlement. Patterson appeals, contending that a setoff is proper pursuant to the provisions set forth in the Contribution Act (Ill. Rev. Stat. 1991, ch. 70, par. 301 et seq.).

On July 23, 1987, plaintiff Eva Hoard filed a two-count complaint (87—L—16108) against Melvin Webb (count I) and Dorothy Patterson (count II) for injuries she had sustained in an automobile accident on March 12, 1987. Webb and Patterson were personally served with the summons and copies of the complaint. Webb filed an answer on October 7, 1987, in which he denied the allegations in count I and stated that count II did not apply to him. On December 1, 1987, Dorothy Patterson and Dorothy Johnigan sued Melvin Webb (87—L—25335) for damages arising out of the same automobile accident. The deputy sheriff of Cook County served Webb with the summons and a copy of this complaint. On January 25, 1988, an order of default was entered in 87—L—16108 against Patterson for failure to appear and/or answer. On March 1, 1988, Webb filed an answer in 87—L—25335, deny-

ing the allegations in the complaint. Webb also set forth an affirmative defense alleging that Patterson's conduct was negligent. The cases were consolidated on April 21, 1988. The trial court vacated the default order against Patterson in 87—L—16108 and an appearance was filed on February 2, 1989. On February 27, 1989, Patterson filed an answer denying the allegations in 87—L—16108.

On June 12, 1989, Webb was dismissed as a party in 87—L—16108 with prejudice. The record shows that plaintiff received a $14,000 payment from Webb and that plaintiff executed a release of all claims against Webb. On December 3, 1991, 87—L—25335 was dismissed with prejudice. On January 2, 1992, an agreed order of dismissal was entered, which stated that "only the claims of Dorothy Patterson and Dorothy Johnigan against Melvin Webb are dismissed by agreement of the parties."

On February 24, 1992, the case was assigned to the mandatory arbitration calendar. An award of $15,000 was entered in plaintiff's favor and against Patterson at the arbitration hearing and the July 31, 1992, award acknowledged Patterson's failure to appear. The circuit court entered judgment on the arbitrator's award on September 11, 1992. There was no attempt by Patterson either to file a notice of rejection of award or to request relief under section 2—1301 or 2—1401 of the Code of Civil Procedure. (Ill. Rev. Stat. 1991, ch. 110, pars. 2—1301, 2—1401.) Instead, on September 18, 1992, Patterson filed a motion for setoff pursuant to section 2(c) of the Contribution Act (the Act) (Ill. Rev. Stat. 1991, ch. 70, par. 302(c)), alleging that the judgment against her should be reduced by the amount of plaintiff's prior $14,000 settlement with Webb. Patterson argued that she and Webb were co-tort-feasors and, therefore, the setoff provisions in the Act should apply. Following a hearing on October 26, 1992, the circuit court denied the motion for setoff pursuant to the provisions of Supreme Court Rule 91. A report of the proceedings for the October 26, 1992, hearing is not included in the record on appeal.

Supreme Court Rule 91 states:

"The failure of a party to be present, either in person or by counsel, at an arbitration hearing shall constitute a waiver of the right to reject the award and a consent to the entry by the court of a judgment on the award." (134 Ill. 2d R. 91.)

The language of the rule is mandatory (*Balaban v. Gottfried* (1991), 220 Ill. App. 3d 535, 536, 581 N.E.2d 205) and, therefore, Patterson's failure to be present in person or by counsel at the mandatory arbitration hearing did constitute a waiver of the right to reject an award and a consent to the entry of a judgment on the award. Further, if

Patterson's failure to attend was inadvertent, she could have requested relief under section 2—1301 or 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, pars. 2—1301, 2—1401) as noted in the Committee Comments on Supreme Court Rule 91. Since Patterson did not file a section 2—1301 or 2—1401 petition, it must be assumed that Patterson knowingly failed to attend the scheduled arbitration hearing, either in person or by counsel, and, therefore, she did so with full knowledge of the consequences that are inherent under this rule.

We now consider the issue of whether a party, who knowingly failed to appear at an arbitration hearing and is now bound by a judgment on the award, should be entitled to a setoff under the Contribution Act. Initially, we note that in the appellee's brief, plaintiff argues that she presented evidence of $30,000 in damages at the arbitration hearing; however, under Supreme Court Rule 86, a civil action is subject to mandatory arbitration if "each claim therein is exclusively for money in an amount or of a value not exceeding $15,000, exclusive of interest and costs." (134 Ill. 2d R. 86(b).) Therefore, the arbitration award could not have exceeded the sum of $15,000, exclusive of interest and costs. 134 Ill. 2d R. 92(b).

The transcript of the arbitration hearing is not part of the record on appeal; therefore, we are not able to determine the full extent of plaintiff's damages.

The trial court denied Patterson's motion for setoff pursuant to Supreme Court Rule 91 on the grounds that Patterson was bound by her failure to appear at a mandatory arbitration hearing. We find that the trial court's decision was not erroneous, however; the motion for setoff could also have been denied for the reason that Patterson had failed to raise the contribution claim in a timely fashion during the original proceeding.

The Contribution Act states that where two or more persons are subject to liability in tort arising out of the same injury, there is a right of contribution among them. (Ill. Rev. Stat. 1991, ch. 70, par. 302(a).) A settlement between one tort-feasor and the plaintiff will result in an equal reduction, or setoff, in the amount of any judgment entered against a nonsettling tort-feasor. (Ill. Rev. Stat. 1991, ch. 70, par. 302(c).) (*Yanan v. Ewing* (1990), 205 Ill. App. 3d 96, 99, 562 N.E.2d 1243.) However, we believe that Patterson has waived any right of contribution in the present case. When there is a pending action in a personal injury case involving joint tort-feasors, the claim shall be asserted by a counterclaim or by a third-party claim in that action, or else the contribution claim is barred. (*Henry v. St. John's*

*Hospital* (1990), 138 Ill. 2d 533, 546, 563 N.E.2d 410.) We have examined the record and Patterson failed to assert a counterclaim in her answer to the complaint in 87—L—16108. While Patterson did file a separate complaint (87—L—25335) for her damages against Webb and the cases were consolidated, 87—L—25335 was eventually dismissed with prejudice. Therefore, the sole claim remaining for mandatory arbitration was that of plaintiff and Patterson in 87—L—16108. Accordingly, we conclude that the trial court's decision was not erroneous and that defendant is not entitled to a setoff.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

RIZZI and GREIMAN, JJ., concur.