TAMIKO ARNETT, a Minor, by her Next Friend, Pinky Arnett, Plaintiff-Appellant, v. J.D. YOUNG *et al.*, Defendants-Appellees.

First District (5th Division)    No. 1—93—1529

Opinion filed January 27, 1995.

Pomper & Goodman, of Chicago (J. Chris Goodman and Salvatore C. Tramontana, of counsel), for appellant.

Mathews, Jackson & Hollywood, of Chicago (Gary J. Matejcak, of counsel), for appellees.

PRESIDING JUSTICE COUSINS delivered the opinion of the court:

Tamiko Arnett (plaintiff) brought an action against J.D. Young and the Jiffy Cab Company (defendants) seeking to recover damages from an automobile accident. The case proceeded to a mandatory arbitration hearing. Neither the plaintiff nor her counsel attended the arbitration hearing, and an award was entered against her on behalf of both defendants. Plaintiff then filed a motion for voluntary dismissal pursuant to section 2—1009 of the Illinois Code of Civil Procedure. (735 ILCS 5/2—1009 (West 1992).) The trial court denied the motion and entered judgment on the arbitration award in favor of defendants. On appeal, the plaintiff contends that she has an absolute right to voluntary dismissal under section 2—1009.

We affirm.

BACKGROUND

Plaintiff was injured in a car accident on November 26, 1989. On November 25, 1991, plaintiff filed her complaint against defendants to recover damages due to the car accident. The complaint was transferred to the court-annexed mandatory arbitration calendar on May 1, 1992, and was set for an arbitration hearing on January 6, 1993.

On January 6, 1993, neither the plaintiff nor her counsel attended the arbitration hearing. At the hearing, an award was entered in favor of both defendants.

■■ On January 8, 1993, plaintiff filed a motion for voluntary dismissal pursuant to section 2—1009 of the Illinois Code of Civil Procedure, which states:

> "The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause." (735 ILCS 5/2—1009 (West 1992).)

The defendants opposed the motion, citing the authority of Supreme Court Rule 91:

> "The failure of a party to be present, either in person or by counsel, at an arbitration hearing shall constitute a waiver of the right to reject the award and a consent to the entry by the court of a judgment on the award. In the event the party who fails to be present thereafter moves, or files a petition to the court, to vacate the judgment as provided therefor under the provisions of the Code of Civil Procedure for the vacation of judgments by default, sections 2—1301 and 2—1401, the court, in its discretion, in addition to vacating the judgment, may order the matter for rehear-

ing in arbitration, and may also impose the sanction of costs and fees as a condition for granting such relief." 134 Ill. 2d R. 91.

The Committee Comments to Rule 91 state:

"To permit any party or counsel to ignore the arbitration hearing or to exhibit an indifference to its conduct would permit a mockery of this deliberate effort on behalf of the public, the bar and judiciary to attempt to achieve an expeditious and less costly resolution of private controversies.

A party who knowingly fails to attend the scheduled hearing, either in person or by counsel, must be deemed to have done so with full knowledge of the consequences that inhere with this rule. Where the failure to attend was inadvertent, relief may be available to the party under the provisions of the Code of Civil Procedure, sections 2—1301 or 2—1401, upon such terms and conditions as shall be reasonable." 134 Ill. 2d R. 91, Committee Comments.

On March 19, 1993, the trial court denied plaintiff's motion for a voluntary dismissal and entered judgment in favor of both defendants.

OPINION

I

The plaintiff first contends that the language of Supreme Court Rule 91 does not bar an absent party from voluntary dismissal under section 2—1009. We disagree. In interpreting supreme court rules, Supreme Court Rule 2 "makes it clear that the same principles that govern the construction of statutes are applicable to the rules." (134 Ill. 2d R. 2, Committee Comments; see *Killoren v. Racich* (1994), 260 Ill. App. 3d 197, 198, 632 N.E.2d 621.) The primary rule of statutory interpretation, to which all other rules are subordinate, is that a court should ascertain and give effect to the intent of the legislature. (*Bonaguro v. County Officers Electoral Board* (1994), 158 Ill. 2d 391, 397, 634 N.E.2d 712.) Thus, this court must ascertain and give effect to the language and intent of Rule 91.

■ Supreme Court Rule 91 states, "The failure of a party to be present *** shall constitute *** a consent to the entry by the court of a judgment on the award." (134 Ill. 2d R. 91.) The language of the rule is mandatory. (*Estate of Hoard v. Patterson* (1993), 253 Ill. App. 3d 118, 120, 625 N.E.2d 336; *Balaban v. Gottfried* (1991), 220 Ill. App. 3d 535, 536, 581 N.E.2d 205.) This irrevocable consent granted by the absent party to the court to award judgment is incompatible with the right of a party to voluntarily dismiss her case before judgment is rendered. Thus, the right to voluntarily dismiss is entirely curtailed by Rule 91 until judgment is rendered. Entering judgment on an

arbitrator's award constitutes a final disposition of a case which bars voluntary dismissal thereafter. (*Ianotti v. Chicago Park District* (1993), 250 Ill. App. 3d 628, 632, 621 N.E.2d 185.) Therefore, Rule 91 permanently bars those absent from an arbitration hearing from pursuing voluntary dismissal.

In addition, allowing voluntary dismissal would obliterate the substance of Rule 91. Rule 91 was enacted because:

> "[t]o permit any party or counsel to ignore the arbitration hearing or to exhibit an indifference to its conduct would permit a mockery of this deliberate effort on behalf of the public, the bar and judiciary to attempt to achieve an expeditious and less costly resolution of private controversies." (134 Ill. 2d R. 91, Committee Comments.)

Allowing an absent party to voluntarily dismiss her case, and thus entirely avoid the consequences of Rule 91, would permit a party to ignore the arbitration hearing without any cost to herself. A supreme court rule, like a statute, must be construed to avoid an absurd result. (*In re Loss* (1987), 119 Ill. 2d 186, 194, 518 N.E.2d 981.) Rule 91 must bar voluntary dismissal in order to effectuate its purpose with any force whatsoever.

Lastly, the committee comments to Rule 91 direct parties to section 2—1301 or 2—1401 of the Code of Civil Procedure to avoid the consequences of Rule 91, thus implying that these default remedies are the only proper remedies available. The enumeration of one thing in a statute implies the exclusion of all others. (*Baker v. Miller* (1994), 159 Ill. 2d 249, 260, 636 N.E.2d 551.) Other than reliance on section 2—1301 or 2—1401, a party which is absent "must be deemed to have done so with full knowledge of the *consequences that inhere with this rule.*" (Emphasis added.) (134 Ill. 2d R. 91, Committee Comments.) We do not believe the committee could mean "consequences" as merely the payment of the costs to refile, as plaintiff alleges. The "consequences" to an absent party, outside of actions through section 2—1301 or 2—1401, are judgment on the award. See *Hoard*, 253 Ill. App. 3d at 120-21.

## II

Plaintiff also argues that even if Rule 91 would bar voluntary dismissal, there is an absolute right to voluntary dismissal under section 2—1009. However, if a supreme court rule is in conflict with a legislative enactment, the rule will prevail. (*Catlett v. Novak* (1987), 116 Ill. 2d 63, 69, 506 N.E.2d 586; *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 281, 492 N.E.2d 1322.) More specifically, *Catlett* and *O'Connell* both held that there is no absolute right to voluntary

dismissal under section 2—1009 when that section conflicts with supreme court rules. (*Catlett*, 116 Ill. 2d at 70; *O'Connell*, 112 Ill. 2d at 283.) Nothing is more critical than the administration of justice without delay, and central to discharging this function, the judiciary must be unimpeded in considering and rendering judgments on matters before it. *O'Connell*, 112 Ill. 2d at 282.

Supreme Court Rule 91, an attempt by the court to bring efficiency and speed to the administration of justice, must likewise prevail over section 2—1009. "The rationale of those cases [*O'Connell* and *Catlett*] is that this court may not be thwarted in its constitutional mandate to render justice fairly and promptly by the manipulation of the statutory provisions relating to dismissal and the refiling of suits." (*Muskat v. Sternberg* (1988), 122 Ill. 2d 41, 48, 521 N.E.2d 932.) The language of Rule 91, that an absent party *shall* consent to judgment on the award, is a mandate to render justice fairly and promptly which cannot be insulated by a party's reliance on section 2—1009. (See *Muskat*, 122 Ill. 2d at 49.) The case relied on by plaintiff, *Perez v. Leibowitz* (1991), 215 Ill. App. 3d 900, 576 N.E.2d 156, is inapposite because *Perez* did not involve section 2—1009 conflicting with a supreme court rule.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

GORDON and T. O'BRIEN, JJ., concur.