JENNIFER LYNN LEWIS, A Minor, By Her Father and Next Friend, Larry Lewis, Plaintiff-Appellee, v. COLLINSVILLE UNIT No. 10 SCHOOL DISTRICT, Defendant-Appellant (Benjamin Toon *et al.*, Defendants).

Fifth District   No. 5—98—0586

Opinion filed March 2, 2000.

R.W. Wilson, Jennifer J. Trebing, and William B. Starnes II, all of Edwardsville, for appellant.

Rhonda D. Fiss, of Belleville, for appellee.

JUSTICE KUEHN delivered the opinion of the court:

Collinsville Unit No. 10 School District (Collinsville Unit No. 10) appeals from the trial court's July 31, 1998, and August 6, 1998, orders granting the plaintiff's motion for voluntary dismissal without prejudice. We reverse and remand with directions.

Jennifer Lynn Lewis (Jennifer) was a Collinsville High School student. On November 2, 1994, she was walking down a school hallway when an altercation between two male students broke out in front of her. An errant swing by one of these male students caught the strap of Jennifer's purse, and the momentum of the swing pulled her to the floor. In the process, Jennifer sustained a nondisplaced ankle fracture. Through her father, Jennifer filed suit against Collinsville Unit No. 10 and one of the male students involved in the altercation. Jennifer settled her case with the male student and proceeded toward trial with Collinsville Unit No. 10.

After numerous delays and a general pattern of no advancement of this case toward an ultimate resolution, the circuit court entered an order on Jennifer's motion, sending the case to mandatory arbitration. Arbitration was set for July 30, 1998. The record reflects that on

July 27, 1998, Jennifer filed a motion for voluntary dismissal of her case, asking the court to order the parties to each bear their own costs. The motion contains no proof of service. Counsel for both sides acknowledge that there was telephonic communication regarding Jennifer's intent to voluntarily dismiss her case. Counsel for Collinsville Unit No. 10 apprised an employee of Jennifer's attorney that he intended to proceed with the scheduled arbitration.

On July 30, 1998, counsel for Collinsville Unit No. 10 appeared and announced his readiness to proceed with his case. Jennifer and her attorney did not appear. Collinsville Unit No. 10 did not present any evidence and did not ask the arbitration panel to enter (an award) in its favor. Instead, counsel sought a (dismissal) of Jennifer's case with prejudice. The arbitration panel made no findings and entered no award.

On July 31, 1998, without a formal hearing, the trial court entered an order relative to Jennifer's request for a voluntary dismissal as follows:

> "This cause having come before the Court on Plaintiff's MOTION FOR VOLUNTARY DISMISSAL, the Court being thus advised in the premises, said MOTION is hereby granted."

The order makes no mention of costs.

The record reflects that on August 6, 1998, the trial court entered yet another *ex parte* order relative to Jennifer's previously filed July 27, 1998, motion. That order reads as follows:

> "Case before the Court on Plaintiff's Motion for Voluntary Dismissal. Case is dismissed without prejudice. Issue of costs is reserved."

On August 11, 1998, counsel for Collinsville Unit No. 10 filed a motion to vacate the order of dismissal and to enter a dismissal with prejudice. This motion was amended on August 14, 1998. On August 28, 1998, the trial court denied the defendant's motion.

Collinsville Unit No. 10 appeals from the trial court's orders granting Jennifer's motion for voluntary dismissal and from the trial court's order denying its motion that sought a prejudicial dismissal of Jennifer's suit.

■ We first address the manner in which this case arrives in this court. Collinsville Unit No. 10 appeals pursuant to Supreme Court Rule 303(a) (155 Ill. 2d R. 303(a)). The appeal is actually taken pursuant to Supreme Court Rule 301 (155 Ill. 2d R. 301), as it is a final and appealable order. Collinsville Unit No. 10's designation of a different rule does not affect this appeal, but we mention the distinction in case there is any doubt as to the final and appealable nature of a voluntary dismissal. See *Kahle v. John Deere Co.*, 104 Ill. 2d 302, 307, 472 N.E.2d

787, 789 (1984). The supreme court explains that orders of voluntary dismissal may only be appealed by the defendant as the defendant's rights may have been prejudiced by the plaintiff's voluntary dismissal. See *Kahle*, 104 Ill. 2d at 306, 472 N.E.2d at 789. The plaintiff is protected from prejudice because the plaintiff has the luxury of an absolute right to refile his or her case within one year of the dismissal without prejudice. See *Kahle*, 104 Ill. 2d at 306, 472 N.E.2d at 789. If the order was not final and appealable, the defendant would have no recourse during that one-year period to have determined whether the trial court abused its discretion by entering the order of dismissal without prejudice. See *Kahle*, 104 Ill. 2d at 306, 472 N.E.2d at 789.

■ We next turn to voluntary dismissals. The trial court must grant a plaintiff's motion for voluntary dismissal so long as the requirements of section 2—1009 of the Code of Civil Procedure (735 ILCS 5/2—1009 (West 1996)) are met. See *Vaughn v. Northwestern Memorial Hospital*, 210 Ill. App. 3d 253, 258, 569 N.E.2d 77, 80 (1991). Section 2—1009(a) of the Code of Civil Procedure provides that "[t]he plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause." 735 ILCS 5/2—1009(a) (West 1996). After trial or hearing has begun, a plaintiff can only voluntarily dismiss if the trial court so allows. See 735 ILCS 5/2—1009(b) (West 1996). Whether or not trial or hearing has begun is not a matter of discretion but involves a legal question. See *Kahle*, 104 Ill. 2d at 306, 472 N.E.2d at 788-89. As arbitration proceedings are substitutes for court proceedings, arbitration proceedings do not constitute trials or hearings within the meaning of the voluntary-dismissal statute. See *Perez v. Leibowitz*, 215 Ill. App. 3d 900, 902-03, 576 N.E.2d 156, 158 (1991). As the court noted in *Perez*:

> "To hold that arbitration, especially the nonbinding arbitration instituted pursuant to supreme court rule, was equivalent to a 'trial or hearing,' would, we believe, extend the meaning of those terms beyond what was contemplated by the drafters of the statute. We also believe that it would be contrary to the purpose of arbitration. For this reason, we find that participation in mandatory arbitration proceedings does not preclude a plaintiff from seeking a voluntary dismissal without prejudice. Arbitration proceedings are not the same as a trial and, since a plaintiff is entitled to a voluntary dismissal at any time prior to the time that trial begins, trial has not 'begun,' for the purposes of section 2—1009 of the Code, when the parties enter into settlement negotiations in the form of mandatory arbitration pursuant to court rule.

\*\*\* [I]t is up to the legislature, not the courts, to further limit the plaintiff's common law right to dismissal." *Perez*, 215 Ill. App. 3d at 903, 576 N.E.2d at 158.

Therefore, Jennifer is not necessarily precluded from voluntarily dismissing her case if she does so in accordance with all relevant rules.

In holding that an arbitration hearing does not preclude voluntary dismissal, we are mindful of Supreme Court Rule 86(e) (155 Ill. 2d R. 86(e)), which states that mandatory arbitration provisions are governed by the Code of Civil Procedure and supreme court rules, except where the mandatory arbitration provisions otherwise provide. We are also aware that the mandatory arbitration rules are replete with references to "hearings." However, we still hold that a plaintiff may voluntarily dismiss his or her case despite the fact that an arbitration hearing has been held.

The right to a voluntary dismissal existed at common law. See *Perez*, 215 Ill. App. 3d at 902, 576 N.E.2d at 158. The mandatory arbitration rules are relatively new, having been enacted in 1987. The common law right to a voluntary dismissal and its later codification did not contemplate a mandatory arbitration hearing as the "hearing" that, once begun, precludes dismissal.

Furthermore, accepting the views of Collinsville Unit No. 10 would only serve to penalize plaintiffs who have filed their cases in counties mandating participation in arbitration proceedings. Taking Collinsville Unit No. 10's position to an extreme, a plaintiff who participated in mandatory arbitration, received an award, rejected that award, and requested a jury trial would not subsequently be allowed to voluntarily dismiss his or her case. This position is simply not tenable. Arbitration should be encouraged. Setting up the additional roadblock, disallowing a voluntary dismissal after an arbitration hearing, is not productive and does not serve judicial economy.

■ We next look at potential conflicts between the Code of Civil Procedure and supreme court rules. If section 2—1009 of the Code of Civil Procedure (735 ILCS 5/2—1009 (West 1996)) governing voluntary dismissals without prejudice conflicts with a supreme court rule, then the supreme court rule would control. See *Catlett v. Novak*, 116 Ill. 2d 63, 69, 506 N.E.2d 586, 589 (1987). Therefore, we next look to the supreme court rules that govern arbitration proceedings.

■ Supreme Court Rule 91 (145 Ill. 2d R. 91) deals with the absence of a party at a scheduled arbitration hearing. The language of this rule is as follows:

"The arbitration hearing shall proceed in the absence of any party who, after due notice, fails to be present. The panel shall require the other party or parties to submit such evidence as the

panel may require for the making of an award. The failure of a party to be present, either in person or by counsel, at an arbitration hearing shall constitute a waiver of the right to reject the award and a consent to the entry by the court of a judgment on the award. In the event the party who fails to be present thereafter moves, or files a petition to the court, to vacate the judgment as provided therefor under the provisions of the Code of Civil Procedure for the vacation of judgments by default, sections 2—1301 and 2—1401, the court, in its discretion, in addition to vacating the judgment, may order the matter for rehearing in arbitration[ ] and may also impose the sanction of costs and fees as a condition for granting such relief." 145 Ill. 2d R. 91(a).

■ A case decided by the first district of our appellate court concluded that this rule "permanently bars those absent from an arbitration hearing from pursuing voluntary dismissal." *Arnett v. Young*, 269 Ill. App. 3d 858, 861, 646 N.E.2d 1265, 1267 (1995). We respectfully disagree with the general nature of this conclusion.

The court in *Arnett* correctly states that Supreme Court Rule 91 mandatorily reads that if a party is absent from the arbitration hearing, that party thereby consents to the panel's entry of an award, as well as the trial court's entry of judgment upon that award. *Arnett*, 269 Ill. App. 3d at 860, 646 N.E.2d at 1267. We agree that this consent is irrevocable. See *Arnett*, 269 Ill. App. 3d at 860, 646 N.E.2d at 1267. We further agree that a trial court's entry of judgment upon an arbitrator's award constitutes a final disposition of the case forever barring a plaintiff from subsequent attempts to voluntarily dismiss his or her case. See *Arnett*, 269 Ill. App. 3d at 860-61, 646 N.E.2d at 1267. The supreme court enacted this rule to avoid the potential for parties to mock the system. 145 Ill. 2d R. 91(a), Committee Comments. Any party who chooses not to appear at the scheduled arbitration hearing obviously does so at his or her peril.

We do not take the failure of Jennifer and her counsel to appear at the scheduled July 30, 1998, arbitration hearing lightly. Jennifer's counsel apparently did not advise the arbitration panel that she would be skipping the hearing. Furthermore, an employee of Jennifer's counsel was informed that counsel for Collinsville Unit No. 10 would be proceeding at the scheduled hearing. However, in keeping with the established rules of statutory construction, the clear wording of Supreme Court Rule 91 must control. See *Arnett*, 269 Ill. App. 3d at 860, 646 N.E.2d at 1267. Accordingly, we must look at what action was taken by counsel for Collinsville Unit No. 10 and by the arbitration panel at the arbitration hearing.

The transcript of this hearing reveals that Collinsville Unit No.

10's counsel informed the panel of his understanding of Jennifer's planned action. He presented a brief synopsis of the case. He presented no evidence. At the conclusion of his statements, he did not ask the arbitration panel to enter an award in favor of Collinsville Unit No. 10. While the defendant does not generally bear the burden of proof in a civil case, we note that Supreme Court Rule 91(a) contemplates the introduction of evidence when the other party is not present at the hearing. The record is completely devoid of any action taken by the arbitration panel, and so we must find that no award was made. Thereafter, the trial court, having no award before it, could not enter a judgment for the defendant upon that award.

In *Arnett*, the plaintiff and her counsel did not appear at the arbitration hearing despite being notified of it. *Arnett*, 269 Ill. App. 3d at 859, 646 N.E.2d at 1266. At the hearing, the defense went forward with its case, and the arbitration panel entered an award in favor of the defendants. *Arnett*, 269 Ill. App. 3d at 859, 646 N.E.2d at 1266. Following entry of this award, the plaintiff filed a motion for voluntary dismissal pursuant to section 2—1009 of the Code of Civil Procedure. See *Arnett*, 269 Ill. App. 3d at 859, 646 N.E.2d at 1266. The trial court denied the plaintiff's motion, and the appellate court upheld this decision on the basis that Supreme Court Rule 91, as it conflicts with section 2—1009 of the Code of Civil Procedure, controls. *Arnett*, 269 Ill. App. 3d at 860-62, 646 N.E.2d at 1267-68.

We conclude that the case before us is factually distinguishable from *Arnett*, such that we cannot completely agree with the broad-based statements made by the *Arnett* court. The *Arnett* arbitration panel went forward with the hearing and actually entered an award. In this case, no award was entered. Since no award or judgment was entered in favor of Collinsville Unit No. 10, Supreme Court Rule 91 is not in conflict with section 2—1009, and therefore it does not bar Jennifer from seeking a voluntary dismissal without prejudice pursuant to section 2—1009 of the Code of Civil Procedure.

Collinsville Unit No. 10 complains about the arbitration panel and the fact that it entered no award following the hearing. Perhaps the panel should have entered an award, but it did not do so. Therefore, the trial court could not enter judgment. Without the judgment, there is simply nothing further about this issue that we can or will address on appeal.

■ We finally look at the manner in which Jennifer sought to voluntarily dismiss her case. As previously stated in this opinion, section 2—1009 has strict rules that govern the manner in which a plaintiff can successfully dismiss his or her suit without prejudice. Jennifer did not comply with these rules. First of all, proper notice must be given.

Local court rules govern the notice requirement. See *Vaughn*, 210 Ill. App. 3d at 257-58, 569 N.E.2d at 79. Rule 6.01(b) of the Circuit Court of the Twentieth Judicial Circuit (20th Judicial Cir. Ct. R. 6.01(b) (eff. December 12, 1991)) requires "[w]ritten notice of hearing on all motions" and such "[n]otice shall be given in the manner prescribed in Supreme Court Rule 11." Supreme Court Rule 11(b) contemplates personal, substituted personal, mail, and/or facsimile service. 145 Ill. 2d R. 11(b). Unless all parties agree, verbal telephonic notification simply does not suffice. Furthermore, Jennifer and her counsel provided no notice relative to the *ex parte* hearing on her motion.

Therefore, we conclude that the trial court abused its discretion in granting Jennifer's motions to voluntarily dismiss her complaint without prejudice. We remand this case for further proceedings in the trial court consistent with this opinion. We note that when the trial court holds a hearing on this matter, if the court determines that Jennifer still should be allowed to voluntarily dismiss her complaint, section 2—1009 of the Code of Civil Procedure requires that all costs be borne by the plaintiff. 735 ILCS 5/2—1009(a) (West 1996).

■ Collinsville Unit No. 10 also argues that the trial court abused its discretion in denying its motion to dismiss Jennifer's case with prejudice. Given our ruling on the manner in which Jennifer dismissed her complaint, and having thoroughly reviewed the record on appeal, we find no basis to conclude that the trial court abused its discretion in denying Collinsville Unit No. 10's motion.

Accordingly, for the foregoing reasons, the judgment of the circuit court of St. Clair County is hereby reversed, and the cause is remanded with directions.

Reversed and remanded with directions.

HOPKINS and RARICK, JJ., concur.