2021 IL App (1st) 191674-U

THIRD DIVISION
Rule 23 Order Filed March 31, 2021
Modified Upon Denial of Rehearing August 11, 2021

No. 1-19-1674

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| JOHN D. DUDLEY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 17 L 12406 |
| | ) | |
| MOTEL 6 OPERATING LP, | ) | Honorable |
| | ) | Catherine A. Schneider, |
| Defendant-Appellee. | ) | Judge Presiding. |

_____

PRESIDING JUSTICE HOWSE delivered the judgment of the court.
Justices McBride and Ellis concurred in the judgment.

ORDER

¶ 1    *Held*:   The judgment of the circuit court of Cook County is affirmed. Plaintiff's appeal of the dismissal of one count of his complaint after the trial court entered a finding under Supreme Court Rule 304(a) did not deprive the trial court of jurisdiction to send the remaining counts to arbitration.

¶ 2    Plaintiff filed a four-count complaint against defendant stemming from defendant's removal of plaintiff from a hotel room that plaintiff resided in for several years. The trial court dismissed count IV of the complaint with prejudice. The court denied plaintiff's motion for reconsideration and entered a finding under Supreme Court Rule 304(a) that pertained to the dismissal of count IV of the complaint. The court then sent the matter to arbitration. Plaintiff

appealed the dismissal of count IV pursuant to the 304(a) finding. While plaintiff's appeal of the dismissed count was pending, an arbitration panel entered an award in favor of defendant. The trial court entered judgment on the arbitration award, expressly noting that the judgment pertained to counts I, II, and III. Plaintiff appealed the judgment on the arbitration award while the separate appeal of the judgment dismissing count IV of the complaint was still pending. In his second appeal, plaintiff claims that the court did not have jurisdiction to send the three remaining counts to arbitration while the dismissal of Count IV was pending on appeal. For the reasons that follow, we find that the arbitration panel did have jurisdiction to enter an arbitration award in favor of defendant, that arbitration award applied only to counts I, II, and III of plaintiff's complaint, and to the extent plaintiff's appeal challenges the substance of that award, plaintiff forfeited his right to challenge the substance of the arbitration award. Therefore, we affirm the trial court's judgment on the arbitration award and the order denying the motion to vacate that arbitration award.

¶ 3                                                BACKGROUND

¶ 4      Plaintiff, John D. Dudley, filed a first amended complaint against defendant, Motel 6 Operating LP, arguing the defendant unlawfully locked plaintiff out of the room he occupied. Plaintiff asserted four claims against defendant: breach of contract (count I), wrongful eviction (count II), conversion (count III), and violation of the Consumer Fraud and Deceptive Practices Act (815 ILCS 505/1 *et seq*. (West 2018)) (count IV). Defendant filed a motion pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2018)) to dismiss the complaint for "failure to state his claims and for failure to comply with [the trial court's] clear Orders and directions." Plaintiff's complaint is based on plaintiff's former residence in a Motel 6 motel room.

¶ 5    In May 2018, the trial court granted defendant's motion to dismiss as to count IV of the first amended complaint with prejudice. The order granting defendant's motion to dismiss concludes "this order is final and appealable pursuant to [Rule] 304" as to the ruling dismissing count IV with prejudice. After disposing of count IV, the trial court assigned what was left of the case to mandatory arbitration.

¶ 6    In June 2018, plaintiff filed a motion to reconsider the order dismissing count IV of plaintiff's first amended complaint. In November 2018, the trial court denied plaintiff's motion to reconsider the order dismissing count IV with prejudice.

¶ 7    Plaintiff timely filed a notice of appeal from the trial court's orders dismissing count IV with prejudice and denying the motion to reconsider. This court docketed that appeal as appellate case number 1-18-2570.

¶ 8    In February 2019, the mandatory arbitration panel entered an award in favor of defendant. The arbitration award does not expressly state to what claims it applies. The basis for the award was a finding that plaintiff did not appear in person or through counsel for the arbitration hearing. In March 2019, plaintiff filed a motion to vacate the arbitration award. In his motion to vacate the arbitration award, plaintiff argued that the trial court failed to enter a proper order assigning the case to arbitration following a transfer of the case, and the trial court lacked jurisdiction over counts I, II, and III of the complaint in light of the pending appeal.

¶ 9    The trial court denied plaintiff's motion to vacate the arbitration award and entered judgment on the award in favor of defendant "as to counts I, II and III only" consistent with the fact that count IV had already been dismissed and was subject to an appeal. Following the hearing on plaintiff's motion to vacate, the trial court stated, in part, that "[t]here was already a discovery and mandatory arbitration order entered *** and that order was never vacated." The

court also found that "when an appeal is interlocutory in nature, it does not divest the trial court of all jurisdiction or services. It does restrain the court from entering orders that change or modify the order under appeal." The court also stated "No order addressing these separate Counts I, II, and III, *which were the only matters sent to arbitration in light of the previous dismissal of Count 4*, changes or modifies the order that is under appeal as to Count IV." (Emphasis added.) The case was never removed from arbitration after it was initially assigned to arbitration. The case was transferred to a different division for a limited purpose then transferred back to the division in which the arbitration order was entered.

¶ 10    In August 2019, plaintiff filed a second notice of appeal. Plaintiff's second notice of appeal, from which this appeal arises, states that it is an appeal from the February 2019 arbitration award, the July 2019 order denying the motion to vacate the arbitration award, and the July 2019 judgment on the arbitration award. That second appeal is docketed as appellate case number 1-19-1674.

¶ 11    This court subsequently affirmed the trial court's order dismissing count IV of plaintiff's first amended complaint with prejudice. We held that "plaintiff failed to allege sufficient facts establishing a cause of action under the Consumer Fraud Act." *Dudley v. Motel 6*, 2020 IL App (1st) 182570-U, ¶ 38. We now address plaintiff's second appeal that concerns counts I, II, and III of the operative complaint—the claims that were sent to arbitration.

¶ 12                                    ANALYSIS

¶ 13    In the instant appeal, plaintiff argues (1) the arbitration panel did not have jurisdiction to enter an arbitration award in favor of defendant because, under the rules, the panel's award disposed of "all claims" in the case and one of those claims, count IV of the complaint, was

pending on interlocutory appeal, and (2) that because the arbitration panel lacked jurisdiction, the trial court lacked jurisdiction to enter judgment on the award of arbitration.

¶ 14    Defendant responds, first, that this court lacks jurisdiction to review the arbitration award itself; and second, that the trial court did have jurisdiction to enter judgment on the arbitration award.  In response to plaintiff's argument, defendant argues this court should decline to review the merits of the arbitration award pursuant to Illinois Supreme Court Rule 91(a) (eff. Jun. 1, 1993).  Defendant argues that, having failed to appear at the arbitration hearing, plaintiff is not entitled to reject the award and no legal authority exists suggesting he is entitled to have this court directly review the merits of the award.  We agree with defendant that plaintiff is not entitled to a review of the merits of the award for failure to appear at the arbitration.

¶ 15    Rule 91(a) reads, in part, as follows:

> "The arbitration hearing shall proceed in the absence of any party who, after due notice, fails to be present.  *** The failure of a party to be present, either in person or by counsel, at an arbitration hearing shall constitute a waiver of the right to reject the award and a consent to the entry by the court of a judgment on the award.  In the event the party who fails to be present thereafter moves, or files a petition to the court, to vacate the judgment as provided therefor under the provisions of the Code of Civil Procedure for the vacation of judgments by default, sections 2-1301 and 2-1401, the court, in its discretion, in addition to vacating the judgment, may order the matter for rehearing in arbitration, and may also impose the sanction of costs and fees as a condition for granting such relief." Ill. S. Ct. R. 91(a).

¶ 16    A party who is voluntarily absent from the arbitration hearing "thereby consents to the panel's entry of an award, as well as the trial court's entry of judgment upon that award." *Lewis ex rel. Lewis v. Collinsville Unit No. 10 School District*, 311 Ill. App. 3d 1021, 1026 (2000) (citing *Arnett v. Young*, 269 Ill. App. 3d 858, 860 (1995)). "[A] trial court's entry of judgment upon an arbitrator's award constitutes a final disposition of the case." *Id.* (citing *Arnett*, 269 Ill. App. 3d at 860-61). Here, the arbitration award indicates that plaintiff failed to participate; therefore, plaintiff is procedurally barred from challenging the award other than through sections 2-1301 or 2-1401 of the Code of Civil Procedure.

¶ 17    Furthermore, the arbitration award is not independently reviewable by this court. *Department of Central Management Services v. A.F.S.C.M.E.*, 182 Ill. 2d 234, 239 (1998) ("an order must then be granted by the court confirming the award. [Citation.] Only after the court grants such an order, or orders that the award be modified or corrected, is judgment finally entered. [Citation.]"); see also *In re Marriage of Haleas*, 2017 IL App (2d) 160799, ¶ 24 ("an appellate court has jurisdiction to consider an appeal of a trial court's judgment confirming, vacating, or modifying an arbitration award, filed within 30 days of the judgment, the same as in other civil cases."); *Arnett*, 269 Ill. App. 3d at 860-61 ("Entering judgment on an arbitrator's award constitutes a final disposition of a case ***."). To the extent plaintiff seeks independent review of the arbitrator's award, as distinguished from the trial court's judgment on that award, we are without jurisdiction to do so.

¶ 18    Nonetheless, we find that, in this appeal, plaintiff does not seek to challenge the *substance* of the arbitration award itself. Instead, plaintiff challenges whether the arbitration panel had jurisdiction to proceed with a hearing in the case while plaintiff's interlocutory appeal of the trial court's judgment dismissing one count of his complaint was pending on appeal.

Plaintiff argues that because an arbitration award "disposes of all claims" absent a "prospective determination to limit the scope of claims reviewed by the arbitrators," which the trial court did not enter, the arbitration award purportedly "disposed of all claims" (regardless that the judgment on the award says the opposite), including the claim that was pending on appeal to this court. Plaintiff argues that because of the pending appeal of *one* count in the complaint, the arbitration panel's arbitration award disposing of *all* the counts in this case and the trial court's judgment on that award are void.

¶ 19    In *Babcock v. Wallace*, 2012 IL App (1st) 111090, this court distinguished between a void order and an order that is merely voidable. *Babcock*, 2012 IL App (1st) 111090, ¶ 14.  In *Babcock* it was undisputed that the case was properly referred to arbitration (*id.*); therefore, the matter was properly before the arbitrators.  See *id.*  This court held that the arbitrator's award was not *void* "even though it exceeded the monetary limit" imposed by Illinois Supreme Court Rule 92(b) (eff. Jan. 1, 2017) which requires "strict compliance" with monetary limits on arbitration awards.  See *id.* ¶ 11.  Nonetheless, "despite the fact that the arbitrators *exceeded their powers* by rendering an award over the monetary limit, the circuit court was correct to deny defendant's motion to set aside the arbitration award and to enter judgment on the award." *Babcock*, 2012 IL App (1st) 111090, ¶ 30.

¶ 20    Furthermore, "the mandatory arbitration rules take precedence over ordinary rules of the Code of Civil Procedure.  [Citation.]  In the limited context of mandatory arbitration, the rules put efficiency and finality over any concerns about the details of an award or the actions of the arbitrators.  In the event that the arbitrators exceed their powers, the rules give litigants an easy remedy: reject the award.  But those litigants who fail to timely reject the award must content

themselves with bringing the matter to the circuit court's attention in a petition in a separate proceeding under section 2-1401." *Babcock*, 2012 IL App (1st) 111090, ¶ 27.

¶ 21    In this case we find that the arbitration award is not void.  Additionally, the arbitration award extends only to counts I, II, and III of the complaint despite the absence of an order entered pursuant to Rule 86(d).  When plaintiff appealed the dismissal of count IV of the first amended complaint, the remaining counts in plaintiff's first amended complaint remained pending before the trial court.  Plaintiff's appeal pursuant to Rule 304(a) did not deprive the trial court or the arbitration panel of their authority to proceed on the remaining counts.  A Rule 304(a) finding vests jurisdiction in this court over the appeal, while allowing the trial court to retain jurisdiction over remaining claims.  See *F.H. Prince Co., Inc. v. Towers Financial Corp.*, 266 Ill. App. 3d 977, 989 (1994).  "The filing of a Rule 304(a) appeal serves only to deprive the circuit court of jurisdiction to modify the judgment appealed from or rule on matters of substance which are the subject of the appeal." *F.H. Prince Co., Inc.*, 266 Ill. App. 3d at 989, citing *American National Bank & Trust Co. of Chicago v. Bus*, 212 Ill. App. 3d 133 (1991).  The committee comment (which, although persuasive, is not binding on this court (*People v. Ross*, 168 Ill. 2d 347, 352 (1995)) on which plaintiff relies for his position reads, in total, as follows:

> "A claimant who believes he has a reasonable basis for having the matter removed from an arbitration track may move the court for such relief prior to hearing.  Where there are multiple claims in the action, the court may exercise its discretion to determine whether all meet the requirements of eligibility for arbitration and if not whether a severance could be made of any or several without prejudice to the parties." Ill. S. Ct. R. 86(d), Committee Comments.

¶ 22     The language plaintiff relies upon (the second sentence of the comment) appears to be predicated upon a motion to remove a matter from an arbitration track.  Plaintiff filed no such motion in this case.  "It is well settled that the construction of our rules is comparable to this court's construction of statutes."  *Robidoux v. Oliphant*, 201 Ill. 2d 324, 332 (2002).  "Supreme court rules, like statutes, should be construed as a whole, with individual provisions interpreted in light of other relevant provisions."  *Id.* at 339.  Applying that rationale here, construing the committee comment to Rule 86 as a whole does not lead to the result that the Rule requires a limiting order when one count of a complaint is dismissed and subsequently appealed and the trial court, consistently with it retaining jurisdiction over the remainder of the case, continues to address those claims, including by referring the non-dismissed claims to arbitration.  Plaintiff cites no authority for his implicit argument that for the arbitration panel to be limited to counts I, II, and III the trial court had to enter a new order referring the matter to arbitration.  Furthermore, the language of the Rules suggests the trial court was obliged to refer the remaining counts, over which it undoubtedly had jurisdiction, to arbitration.  See Ill. S. Ct. R. 86(b) (eff. Jan. 1, 1994) ("A civil action *shall* be subject to *mandatory* arbitration if each claim therein is exclusively for money in an amount or of a value not in excess of the monetary limit authorized by the Supreme Court."  (Emphases added.)).

¶ 23     We hold the arbitration award did not dispose of count IV of the complaint.  As stated above, plaintiff concedes there is no direct authority that an arbitration award, not restrained by a Rule 86(d) order, can dispose of a dismissed claim that is on appeal.  Further, we find nothing in the language of the Rules to support that interpretation. Moreover, plaintiff cannot be heard to complain that the arbitration panel reached count IV of his complaint when he did not appear for the arbitration and defaulted, resulting in the adverse finding.

¶ 24 This leaves only the trial court's judgment denying plaintiff's motion to vacate the arbitration award and judgment on the arbitration award. Plaintiff argues "the arbitrators here lacked authority to enter an award disposing of all the claims in this case and the trial court lacked authority to enter a judgment on that award." The judgment is on a form order. The preprinted portion of the form states "The judgment on the award is entered in favor of" and in a space provided the trial court wrote next to that language "Motel 6 Operating LP as to Counts I, the II and III only." The court also hand-wrote "Dudley's motion to vacate arb award is denied for reasons stated in the record." As stated above, defendant forfeited his right to challenge the arbitration award and the judgment thereon as "void." Furthermore, the arbitrators did not "enter an award disposing of all the claims" (specifically count IV of the complaint). Accordingly, plaintiff's argument fails, and the trial court's judgment is affirmed.

¶ 25                          CONCLUSION

¶ 26 For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 27 Affirmed.